ROCKEFELLER CENTER
LUNCHEON CLUB

v.

JOHNSON.

ROCKEFELLER CENTER
LUNCHEON CLUB

v.

HIGGINS.

United States District Court,
S. D. New York.

Nov. 25, 1953.

Christy & Perkins, New York City (Francis T. Christy, New York City, of counsel), for plaintiff.

J. Edward Lumbard, U. S. Atty., for the Southern Dist. of N. Y., New York City (Arthur S. Ecker, Asst. U. S. Atty., New York City, of counsel), for defendant.

MURPHY, District Judge.

This is a motion by plaintiff for summary judgment arising out of an action for refund of dues taxes collected by plaintiff from its members and paid by plaintiff to successive Collectors of Internal Revenue of the Third District of New

York for the period from March, 1943, to August, 1946. Suits' against the two Collectors in office were commenced by plaintiff on behalf of its members after a refund claim was rejected by the Commissioner of Internal Revenue. A single issue is presented by the pleadings, viz., is the plaintiff a "social club" within the meaning of § 1710 of the Internal Revenue Code, 26 U.S.C.A. § 1710, and as such, subject to a 20 percent tax on membership dues. Both parties appear to agree that the applicable test of taxability under this statute is whether or not the plaintiff has a "material social purpose."

For its part plaintiff offers exhaustive affidavits by its counsel and an employee who has served it as secretary, treasurer and president. The affidavit of the latter deals extensively with numerous aspects of the plaintiff: its history, incorporation, levying of dues taxes, location, quarters, equipment, property, operation, membership, board of governors, officers and employees, activities, initiation and dues, and use of its facilities. The defendant concedes the truth of the facts stated in this affidavit. It also appears that defendant, through two assistant United States attorneys and an agent in the Audit Division of the Collector of Internal Revenue, inspected the plaintiff's quarters, obtained all information it sought with respect to plaintiff's operations and activities, questioned the employee who executed the affidavit, and suggested modifications in that affidavit which were carried out by plaintiff. Plaintiff insists that no further facts are obtainable and that the question of its "material social purpose" is now one of law which should be resolved in its favor on this motion.

In opposition, defendant points to the stated purpose in plaintiff's certificate of incorporation, the exclusiveness of its organization, the liberal grant of its privileges to guests, especially ones of the distaff side, and the large amount of revenue derived from the sale of liquor. In addition, defendant is able to think of at least eleven questions of fact bearing on plaintiff's "material social purpose", to five of which the facts in plaintiff's affidavits provide no answer.

Despite the excellence of preparation in this case on these motions by counsel the significant question presented remains whether or not there is a genuine issue as to any material fact. At the outset we must cautiously avoid sinking into the bog of logomachy concerning whether a "material social purpose" presents a question of law, or one of fact, or a mixture of both. It is sufficient to note that there remain outside the record presented in this proceeding numerous facts concerning the more than 1,100 members comprising the plaintiff which would substantially serve in picking a path through the labyrinthine windings of the much litigated question of what is a "material social purpose." To mention a few: why do its members dine at plaintiff rather than at five comparable restaurants in the building group; and are the guests, male and female, who attend the plaintiff, business or social, or a combination of the two. It goes without saying that such questions are both relevant and capable of being answered.

It is not surprising that in some 50 reported cases on the identical issue involved here, none of them was disposed of on motion for summary judgment. The interest of speed in litigation may be the office of summary judgment but it must be counterbalanced by the more weighty interest in the preservation of a right to trial on issues of fact, however slight the dispute and doubt with respect to them. Cf. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130. In this connection it should be noted that the instant case has been set down for trial in the immediate future. It may be trite to repeat that trial by affidavit leaves much to be desired. In doing so we are fully aware of the difference between situations in which all of the witnesses have been examined and cross-examined on oral deposition, cf. Radio City Music Hall v. United States, 2 Cir., 135 F.2d 715, on one hand, and cases such as the instant one

where there has been no such examination of all possible witnesses, on the other hand.

Plaintiff's motion for summary judgment is denied.