395 P.2d 231

James R. TOULOUSE, Plaintiff-Appellee,

v.

Elizabeth F. ARMENDARIZ, Defendant-Appellant,

No. 7414.

Supreme Court of New Mexico.

Sept. 8, 1964.

508

———◆———

J. B. Newell, Las Cruces, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris and James A. Parker, Albuquerque, for appellee.

CARMODY, Justice.

Following the filing of a replevin action seeking recovery of certain paintings, both parties filed motions for summary judgment. The trial court granted summary judgment to the plaintiff, and the defendant appeals from this action and the failure of the trial court to grant her motion.

The record before us upon which the summary judgment was granted consists of the complaint, the answer, certain interrogatories propounded by the defendant and the answers thereto by the plaintiff, and affidavits filed by each of the parties in support of their respective motions for summary judgment.

From this record, it appears that the father of the defendant painted certain pictures in the early 1930's. These pictures were sent to the father of the plaintiff at some time not later than January of 1935, so that prints could be made of them for use in a book upon which the two men were collaborating, and were then to be returned to the father of the defendant. Shortly thereafter, defendant's father died, and within a few months so also did the father of the plaintiff. The plaintiff and his family retained possession of the paintings, except during a period when they were on loan to the state museum, and the plaintiff himself had had exclusive possession from 1956 until he loaned them to the defendant in February of 1961. At that time, the pictures were loaned upon the assurance of the defendant that they would be returned to the plaintiff after they had been exhibited during a civil war centennial observance held during the summer of 1961. During the period of this latter loan, the defendant claimed to have discovered the original correspondence between the fathers of the parties and therefore refused to return the paintings, claiming title in the name of her family.

The defendant claims here that the only question to be determined is who is the real owner of the pictures and entitled to their possession. The plaintiff, to the contrary, states that the undisputed facts clearly show laches, a superior title in the plaintiff, and that he is entitled to judgment as a matter of law. The trial court merely found that there was no material issue of fact and no material conflict of fact, and that the plaintiff's motion should be granted and that of the defendant denied.

■■ Although the summary judgment also states that further documentary evidence was admitted at the time of hearing, the same is not in the transcript. Thus the trial court had something before it which is not now presented to us, but we may not speculate as to what it was, nor what consideration was given to it by the trial court. Even though title is ordinarily a pure question of law, nevertheless here the facts of ownership are controverted and therefore it becomes a question of mixed fact and law. Compare Hewitt-Robins, Inc. v. Lea County Sand & Gravel, Inc., 1962, 70 N.M. 144, 371 P.2d 795. Plaintiff claimed ownership in his complaint, and this is somewhat in conflict with the statement in his affidavit to the effect that he and his family have exercised dominion and control and claimed ownership for more than twenty-five years. On the contrary, the defendant declares that she and her family are still the owners, because of the peculiar circumstances following the original delivery of the pictures to the plaintiff's father.

■ In any event, under the record, this would appear to be a case which was not ripe yet for judgment—there simply are too many questions which are not answered. We do not mean to say that there is any material conflict in the facts as presented, but only that there are not sufficient facts upon which a judgment can reasonably be based. The plaintiff's claim of laches, which was not pled, would require some showing other than the mere passage of time to warrant its being sustained; so also the claimed superior title on the part of the plaintiff would seem to require something more than is now present in the record. On the other side of the coin, the claim by the defendant that she only recently discovered the existence of the correspondence after the passage of almost thirty years would present the type of evidence that fairly cries out for full and complete cross-examination. Trial by affidavit frequently leaves much to be desired. Rockefeller Center Luncheon Club v. Johnson (S.D.N.Y.1953), 116 F.Supp. 437.

The instant case may be compared to Nichols v. Cities Service Oil Company (4th Cir. 1958), 256 F.2d 521, wherein it was said:

**510**

" * * * but the record here permits such a wide range of speculation as to the extent of the knowledge of the defendant at the crucial times, and as to other relevant matters, that resolution of the interesting legal questions raised appears dependent upon the liberality with which the pleadings are to be construed, and inferences drawn, in favor of the plaintiffs. The details necessary for a confident application of the legal principles are lacking here, and we are of the opinion that, in the interest of justice, determination of the issues should await the taking of testimony and the completion of a record."

So it is here—there simply are insufficient details for a confident application of legal principles, and, in our judgment, in the interest of justice, the granting of summary judgment was inappropriate and a determination of the case should await the taking of testimony and completion of the record.

We are not unmindful of, nor have we overlooked, the many cases relating to summary judgment which have been passed upon by us, but this particular case falls within a different category and the former cases are of no assistance.

The case will be reversed and remanded to the trial court for further proceedings not inconsistent herewith. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.